# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORNELL HESTER, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 11-cv-610-MSG |
| OFFICER O, | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

**AND NOW**, this 25th day of July, 2011, for the reasons set forth below, it is hereby **ORDERED** that Plaintiff's Application to Proceed without Prepayment of Fees (D.I. 1) is **DENIED**, for the reasons that follow:

Plaintiff Cornell Hester ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution, Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He proceeds pro se, and has submitted an Application to Proceed without Prepayment of Fees.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule" when the prisoner is in imminent danger of serious physical injury. Also, a prisoner who is

not proceeding in forma pauperis may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

While incarcerated, Plaintiff has filed at least three civil actions that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted, as follows: Hester v. Morgan, Civ. No. 10-309-LDD, (D. Del. Sept. 29, 2010); Hester v. O'Neill, Civ. No. 10-388-LDD (Sept. 14, 2010); Hester v. State of New Jersey, Civ. No. 04-812-FLS-AMD (D.N.J. Aug. 17, 2004). As a result, Plaintiff may not file another civil action in forma pauperis while incarcerated unless he was in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001). His complaint does not meet that standard. Instead, Plaintiff alleges that he was injured in May 2010 by another inmate, that Defendant Officer O knew of Plaintiff's risk of attack, and failed to protect him from harm.

For the above reasons, Plaintiff may not proceed in forma pauperis. Plaintiff is given **thirty (30) days** from the date of this order to pay the $350.00 filing fee. If Plaintiff does not pay the filing fee within that time, the Complaint shall be dismissed and the case closed pursuant to 28 U.S.C. § 1915(g).

       **BY THE COURT:**

       **/s/ Mitchell S. Goldberg**
       _____
       **Mitchell S. Goldberg, J.**